SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI
DEVARUP RASTOGI
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 25-00013 DRJUR |
| Plaintiff, | Amended |
| vs. | **PLEA AGREEMENT** |
| JOLANI VILLAMOR, | |
| Defendant. | |

Plaintiff, United States of America, by and through Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands ("NMI"), and Devarup Rastogi, Assistant United States Attorney for the Districts of Guam and the NMI, and Defendant, JOLANI VILLAMOR ("Defendant") and the Defendant's counsel, Joseph C. Razzano, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, JOLANI VILLAMOR, agrees to plead guilty to an Information charging the Defendant with Possession of Cocaine, a Schedule II Controlled Substance in violation of 21 U.S.C. § 844(a).

The Defendant understands that the charge contained in the Information, assuming this is

PLEA AGREEMENT - 1

a first conviction for a drug offense, is a Class A misdemeanor, which carries a statutory maximum sentence up to one (1) year of imprisonment; a fine not to exceed $100,000 but with a mandatory minimum fine of $1,000; a term of supervised release of not more than one (1) year, denial of certain federal benefits and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant at the discretion of the court may be ineligible for all Federal benefits for up to a year. Federal benefits include any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

3. The Court's Role in Plea and Sentencing Procedure:

The Court is not a party to this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range but may depart or vary upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any

of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

The Defendant understands that the Court shall accept the Defendant's unconditional guilty plea if it meets the requirements of Fed. R. Crim. P. 11(b). The Court will therefore conduct a limited inquiry to determine whether the Defendant's plea is knowing, voluntary and intelligent, and has a sufficient factual basis.

4. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a)    The right to a jury trial;

    (b)    The right at trial to see, hear and question the witnesses;

    (c)    The right to remain silent at trial;

    (d)    The right to testify at trial;

    (e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. <u>Elements of the Offense</u>:

The United States and the Defendant agree that to convict the Defendant of Possession of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 844(a), the United States would have to prove beyond a reasonable doubt the following elements:

    (a)    On or about October 26, 2023, the Defendant knowingly or intentionally possessed a controlled substance, cocaine.

6. Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The Defendant was born in 1999 and is a citizen of the United States.

On October 26, 2023, Law enforcement officers with the Drug Enforcement Administration executed a search warrant at the Defendant's residence, J & H Building located at 645 W. Marine Corp Drive, Unit #8 in Anigua. Five (5) baggies of suspected cocaine, two (2) glass vials of inositol and one (1) plastic bag of suspected cocaine, and a plastic bag with green powdery substance were seized. All items were in the Defendant's purse.

The Defendant acknowledges that the five baggies and one plastic bag contains cocaine as she had bought and personally used the substance. Defendant agrees the total amount of cocaine seized was less than 50 grams.

This statement of facts is made for the limited purpose of supporting the Defendant's guilty plea. It therefore does not contain all facts relating to the underlying criminal conduct. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

7. Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made during plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents during plea discussions in this case would be admissible against the Defendant in the United States's case-in-

PLEA AGREEMENT - 4

chief if the Defendant were to withdraw or breach this Plea Agreement.

8. <u>The United States Agrees</u>:

    (a)    <u>Dismissal(s)</u>:

The United States agrees to dismiss the charges in District Court of Guam Criminal Case No. 24-CR-00015.

    (b)    <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Districts of Guam and the NMI agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Information unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. In determining a sentence, the Court is obligated to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

    (a)    <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for possession of cocaine in a quantity of less than fifty (50) grams is 12. U.S.S.G. § 2D1.1(a)(5) & (c)(14).

The United States and the Defendant agree and stipulate that this amount of cocaine was possessed in furtherance of the Defendant's criminal activity; this amount was reasonably foreseeable to the Defendant in connection with the scheme; and the Defendant's relevant conduct for sentencing purposes should be calculated based upon this amount, pursuant to U.S.S.G. §

PLEA AGREEMENT - 5

1B1.3.

    (b)    <u>Specific Offense Characteristics</u>:

The United States and the Defendant agree and stipulate that the base offense is decreased by 2 levels if the Defendant meets the criteria set forth in paragraphs (1)-(5) of subsection (a) of U.S.S.G. § 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases). U.S.S.G. § 2D1.1(b)(18). The adjusted offense level is 10.

    (c)    <u>Zero-point Offender Adjustment</u>:

The United States and the Defendant also agree and stipulate that the base offense is decreased by an additional 2 levels if the Defendant is entitled to an adjustment as a zero-point offender. U.S.S.G. § 4C1.1. The adjusted offense level is 8.

    (d)    <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty, the United States will recommend that the Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of Guam after sentencing.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted

PLEA AGREEMENT - 6

offense level would be 6.

    (e)    <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The Defendant's likely criminal history category is I. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    (f)    <u>Calculated Guideline Range Sentence</u>:

The criminal history determination might impact the sentencing guideline calculation and to the extent it does, the United States and the Defendant agree that neither party is bound by the calculated guideline range in this plea agreement.

10.  <u>Departure or Variance</u>:

The Defendant and the United States understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are appropriate. That is, the United States and the Defendant are free to seek an upward or a downward departure or variance from the applicable sentencing guideline range.

11.  <u>Incarceration</u>:

    (a)    <u>Length of Imprisonment</u>:

The United States and the Defendant understand and acknowledge that, at sentencing, they are free to make whatever sentencing recommendations for whatever reasons they deem are appropriate. That is, the United States and the Defendant are free to seek an upward or a downward departure or variance from the applicable sentencing guideline range.

//

(b) Bureau of Prison Recommendations:

To the extent applicable to the Defendant, the United States Attorney's Office for the Districts of Guam and the NMI acknowledges that the Defendant may request the Court to write a letter to the United States Bureau of Prisons recommending that the Defendant be allowed to participate in the Bureau of Prisons' intensive drug treatment program or serve the sentence at a specific institution. The Defendant understands that any decision concerning the Defendant's eligibility to participate in the program or place of incarceration is within the exclusive province of the Bureau of Prisons.

12. Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13. Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a 1-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

(2) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

14. Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the District of Guam after sentencing, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 8

15. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Financial Disclosure Obligations</u>:

Defendant agrees to submit to the United States Attorney's Office for the Districts of Guam and the NMI, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the United States Attorney's Office for the Districts of Guam and the NMI to obtain a credit report on her to evaluate her ability to satisfy any financial obligation imposed by the Court.

Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for her debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in her state of residency. Defendant understands that any funds captured by an offset program will be paid towards her monetary penalties but does not relieve her of her obligation to pay the monetary penalties in full.

17. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

18. <u>Appeal Rights</u>:

Defendant understands that she has a limited right to appeal or challenge her conviction. Defendant hereby expressly waives her right to appeal her conviction. Defendant further expressly waives her right to file any post-conviction motion attacking her conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

19. <u>Hyde Amendment Waiver</u>:

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Districts of Guam and the NMI, and cannot bind other federal, state, or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Districts of Guam and the NMI.

Shawn N. Anderson
United States Attorney

_____     8/22/2025
DEVARUP RASTOGI                    Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     8/22/2025
JOLANI VILLAMOR                    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     8/22/25
JOSEPH C. RAZZANO                  Date
Attorney for the Defendant

PLEA AGREEMENT - 11